588 A.2d 97

**Helen COSTA, Administratrix of the Estate of Joseph Costa, Deceased and Helen Costa, in her own right, Appellant,**

**v.**

**John FRYE and City of Philadelphia, Appellees.**

Commonwealth Court of Pennsylvania.

Reargued Dec. 5, 1990.

Decided March 7, 1991.

Jack J. Bulkin, Jack J. Bulkin, P.C., Philadelphia, for appellant.

Miriam B. Brenaman, Asst. City Sol., Philadelphia, for appellees.

Before CRAIG, President Judge, and COLINS, PALLADINO, SMITH, PELLEGRINI, KELLEY and BYER, JJ.

PALLADINO, Judge.

We granted reargument of *Costa v. Frye* (No. 1650 C.D.1989, filed June 29, 1990) (*Costa I*),[1] for the limited purpose of reconsidering whether the trial court erred in refusing to remove the nonsuit granted to the City of Philadelphia (City) regarding Helen Costa's civil rights action[2] against the City.

The facts and procedural posture of this case are fully set forth in *Costa I* and are repeated here in abbreviated form to the extent pertinent to the issue before us. John Frye (Frye), an off-duty City police officer, became involved in an altercation with another man at an after-hours club in Philadelphia. The two men began arguing over the use of a video poker machine in the club. While bottles and bar stools were thrown at Frye, he drew his gun. During a struggle for the gun, it discharged and Joseph Costa (decedent), Helen Costa's (Costa) husband, was killed.

1. *Costa I* is a panel decision which denied Helen Costa's appeal from the trial court's denial of her post-trial motions seeking a new trial or judgment notwithstanding the verdict. Because we granted reargument solely to reconsider Helen Costa's civil rights action against the City of Philadelphia, the disposition of her post-trial motion seeking a new trial or judgment notwithstanding the verdict will not be discussed in this opinion.

2. Civil Rights Act, 42 U.S.C. § 1983 (Section 1983).

Costa filed a civil rights suit against the City alleging that the City failed to adequately train Frye as to whether and how to react to altercations occurring while he was off-duty. Costa alleges that this failure caused Frye, acting under color of law, to deprive her husband of constitutional rights. At the close of evidence, City made a motion for nonsuit which was granted. In her motion for post-trial relief, Costa sought removal of the nonsuit which was denied. Costa appealed to this court.

In *Costa I,* we concluded that the decedent was deprived of constitutional rights without due process of law and that Costa produced sufficient evidence to allow a jury to determine whether Frye acted under color of law and in furtherance of a City policy. Upon reargument, we reverse the panel decision of *Costa I* regarding the civil rights claim and affirm the trial court's denial of Costa's motion to remove the nonsuit.

■ Initially, we note that the entry of a nonsuit is proper only if the factfinder, after reviewing the evidence and all reasonable inferences deducible therefrom in the light most favorable to the complainant, could not reasonably conclude that the elements of a cause of action have been established. *Wiggs v. Northampton County Hanover Township Board of Supervisors,* 65 Pa.Commonwealth Ct. 112, 441 A.2d 1361 (1982).

Section 1983 states in pertinent part as follows:

Civil action for deprivation of rights-Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action of law, suit in equity, or other proper proceeding for redress....

 No dispute exists as to the applicability of Section 1983 to this case. A local government is a "person" who may be directly liable under 42 U.S.C. § 1983. *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Section 1983 imposes liability on a municipality when an official policy of the municipality causes an employee, acting under the color of law, to violate another's constitutional rights. *Id.* A municipality cannot be held liable under Section 1983 on a respondeat superior theory. *Id.*

In determining whether a Section 1983 action has been stated:

[T]he initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law, and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) *rev'd on other grounds, Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).

The City argues the following in support of the trial court's conclusion that Costa did not provide sufficient evidence to support a Section 1983 action: 1) that Frye was engaged in private violence and was not an agent of the City when the decedent was killed; and 2) that accidental negligent acts do not constitute constitutional deprivations under Section 1983.

The first element of a Section 1983 action, that the conduct complained of was committed by a person acting under the color of law, requires that the actor exercised "power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins,* 487 U.S. 42, 49, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988) quoting *United States v. Clas-*

*sic,* 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941).

■ Only when a person is acting under color of law pursuant to a municipal policy are those actions fairly attributable to the municipality. *West.*

■ A review of the testimony reveals that Frye, while off-duty, became engaged in a fight over the use of a video poker machine. During the altercation, a man pulled Frye's hair and others threw bottles and bar stools at him. A man came towards Frye in an attempt to strike him with a bottle and Frye drew his gun. Frye was grabbed from behind and as numerous patrons wrestled Frye for the gun, it discharged. At no time did Frye announce that he was a police officer and that he was attempting to make an arrest.[3]

Frye participated in a private argument over the use of a poker machine. The fact that the argument escalated to the point where Frye believed it was necessary to draw his gun does not transform the incident into a police matter. Frye's involvement in the fight and response to violence were not an exercise of some power bestowed upon him by the City. Clearly, Frye's conduct cannot be characterized as actions which were made possible only because Frye was a police officer. The City did not require Frye to carry his gun while off-duty and he did not properly assert any authority as a police officer during the altercation. The evidence presented at trial demonstrates that Frye was engaged in a purely private incident which cannot be fairly attributed to the City. We conclude that Frye was not acting under the color of state law while participating in a barroom brawl[4] and therefore, the trial court properly

3. It is clear that at least some of the patrons involved in the incident were aware that Frye was a police officer. Frye testified that he intended to arrest the initiator of the altercation but there is no doubt that he did not announce that fact.

4. This conclusion is bolstered by the jury's finding of fact, made while considering a negligence count, that Frye was not acting within the scope of his employment at the time decedent was shot.

granted a nonsuit regarding Costa's Section 1983 action.[5]

Accordingly, we affirm.

COLINS, J., dissents.

## ORDER

AND NOW, March 7, 1991, the order of the court of common pleas of Philadelphia County in the above-captioned case, which denied Costa's motion to remove the nonsuit, is affirmed.

5. Because we dispose of this case on this issue, we need not address the City's second argument.