**Christopher FRAZIER, Appellant,**

v.

**CITY OF PHILADELPHIA
and Terrance Hawkins.**

Commonwealth Court of Pennsylvania.

Argued March 6, 2000.

Decided April 26, 2000.

Publication Ordered July 21, 2000.

---

Alan E. Denenberg, Philadelphia, for appellant.

Sarah E. Ricks, Philadelphia, for appellees.

Before PELLEGRINI, J.,
LEADBETTER, J., and MIRARCHI, Jr.,
Senior Judge.

LEADBETTER, Judge.

Christopher Frazier appeals from an order of the Court of Common Pleas of Philadelphia County granting summary judgment in favor of the City of Philadelphia. Upon consideration, we affirm.

On June 22, 1991, Terrance Hawkins, an off-duty Philadelphia police officer, shot Christopher Frazier following an argument concerning Hawkins' former girlfriend, Anita Burton. Ms. Burton had unilaterally ended her relationship with Hawkins, which triggered a string of incidents culminating in the shooting at issue. On June 17, 1991, Ms. Burton filed a complaint against Hawkins with the Philadelphia police department alleging that he had twice slashed the tires on her car in retaliation for their breakup. On the day of the incident, Frazier was helping Ms. Burton change the slashed tires on her car when he saw Hawkins watching from his personal vehicle. Hawkins was off-duty at the time and was wearing civilian clothing. After Frazier finished changing the tires, he drove away in his own vehicle. Hawkins then followed Frazier and pulled beside his car at a stoplight where he asked Frazier to pull over. Frazier ignored Hawkins and proceeded forward when the light changed. Hawkins became agitated and pulled in front of Frazier's car at the next light, effectively cutting him off. Hawkins got out of his car and approached Frazier, who noticed that Hawkins was carrying a gun. Hawkins repeatedly asked Frazier who he was and what he was doing with his girlfriend. However, Frazier continued to ignore Hawkins.

Hawkins then fired four shots at Frazier's vehicle, striking him once in the leg. Hawkins shot Frazier with his personal weapon, a .45 caliber handgun that he carried when off-duty. Hawkins was arrested, tried and convicted of aggravated assault, possession of an instrument of crime and reckless endangerment. Hawkins was subsequently discharged from the Philadelphia police force.

On November 5, 1992, Frazier filed a complaint against Hawkins and the City of Philadelphia alleging a civil rights violation under 42 U.S.C. § 1983,[1] asserting that the policies and practices of the City related to hiring, training and supervision of police officers caused Hawkins, acting under the color of state law, to deprive Frazier of constitutional rights.[2] The City answered and filed a motion for summary judgment, which the trial court granted. On November 14, 1995, Frazier filed a notice of appeal, which this court quashed as interlocutory because the suit against Hawkins still remained. On April 7, 1997, default judgment was entered against Hawkins; however, Frazier did not file his notice of appeal until November 10, 1997. The City moved to quash the appeal as untimely and we granted the motion. Frazier then appealed to the Supreme Court, which reversed and remanded the matter for our review of the grant of summary judgment in favor of the City.

▇▇▇ Initially, we note that summary judgment may properly be granted where the moving party establishes that (1) there is no genuine issue of material fact that could be established by additional discovery or expert report and based upon the undisputed evidence, the movant is entitled

---

1. Section 1983 of the Civil Rights Act states in pertinent part:

    Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunizes secured by the Constitution and laws, shall be liable to the

party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983 (1994).

2. Frazier also alleged several causes of action pursuant to Pennsylvania common law that are not at issue here.

to judgment as a matter of law, or (2) there is insufficient evidence to permit a jury to find a fact essential to the cause of action or defense. *Schnupp v. Port Auth. of Allegheny County*, 710 A.2d 1235, 1237 (Pa.Cmwlth.1998). Upon reviewing the record, the fact-finder must view the evidence in the light most favorable to the non-moving party. *Id.*

In determining whether a Section 1983 action has been stated the inquiry must focus on whether the two essential elements of the action are present:

(1) whether the conduct complained of was committed by a person acting under color of state law, and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Costa v. Frye*, 138 Pa.Cmwlth. 388, 588 A.2d 97, 99 (1991), citing *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). A local municipality is a "person" who may be directly liable under Section 1983. *Costa*, 588 A.2d at 99, citing *Monell v. Department of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). "Section 1983 imposes liability on a municipality when an official policy of the municipality causes an employee, acting under the color of law, to violate another's constitutional rights." *Id.*

The threshold inquiry in a Section 1983 action is whether the conduct in question was committed by a person acting under color of state law. *Costa*, 588 A.2d at 99. Frazier first contends that Hawkins, despite his off-duty status, civilian clothing and personal weapon, was acting under color of state law when he fired four shots at Frazier's vehicle striking him once in the leg. Frazier contends that his knowledge of Hawkins' status as a police officer combined with Hawkins use of police-like commands when asking him to pull over as well as his use of police driv-

ing maneuvers led Frazier to treat him like a "rogue" cop. However, to be under color of state law, the actor must have exercised "power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.*, citing *West v. Atkins*, 487 U.S. 42, 49, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). A review of the facts asserted by Frazier reveals that Hawkins was participating in a private argument about his prior girlfriend, Ms. Burton. Hawkins' acts of violence were of a purely private nature and were not furthered by any actual or proposed state authority.

The instant matter is closely akin to the facts presented in *Costa* where an off-duty police officer became engaged in a fight over the use of a video poker machine. As the argument escalated, the officer drew his weapon which discharged during the altercation. *Costa*, 588 A.2d at 98. However, the fact that the argument resulted in violent behavior where the officer drew a weapon failed to transform the incident into a police matter such that the officer could be considered to be acting under the color of state law for purposes of Section 1983. *Id.* at 99. This rationale is equally applicable to the case at hand and is buttressed by the fact that Hawkins was off-duty, dressed in civilian clothing and carrying a private weapon. As we concluded in *Costa*, the conduct engaged in by Hawkins cannot be fairly attributed to the City and will not support a finding of liability under Section 1983. Therefore, we conclude that the trial court properly granted summary judgment in favor of the City because Hawkins was not acting under color of state law at the time of the incident.

Alternatively, Frazier contends that the City can be held liable for a deprivation of Frazier's constitutional rights absent a finding that Hawkins was under color of state law, based upon the alleged existence of municipal policies and customs which led to the violation of Frazi-

er's constitutional rights. Citing *Fagan v. City of Vineland*, 22 F.3d 1283 (3d Cir. 1994), Frazier attempts to fashion a theory of recovery under Section 1983 where the City could be held liable for a violation of civil rights where no agent of the state perpetrated the harm in question. However, *Fagan* in no way serves to abrogate the well-established requirement that an employee acting under color of state law must perpetrate the harm in question. *Fagan* simply imposes liability on a municipality where an official policy of the municipality is being effectuated by a state actor whose actions cause harm but fail to rise to the level necessary to shock one's conscience so as to hold the officer individually liable under Section 1983. However, in cases in which the harm is not caused by a state actor, no claim will lie under Section 1983 no matter what alleged customs or policies the municipality may have in place.[3] Under *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989), a municipality has no duty to protect individuals who are not in their custody from violent acts of third persons, *i.e.*, off-duty police officers who are not acting under color of law. To extend the rationale of *Fagan* as Frazier suggests would bring that case into direct conflict with *DeShaney*. Therefore, under the facts before us, there is no state action *and* no constitutional violation making it impossible for Frazier's Section 1983 action to survive the City's motion for summary judgment.[4]

Accordingly, we affirm.

3. As the United States Court of Appeals for the Third Circuit has noted, "absent the conscious decision or deliberate indifference of some natural person, a municipality, as an abstract entity, cannot be deemed to have engaged in a constitutional violation by virtue of a policy, a custom, or a failure to train." *Simmons v. City of Philadelphia*, 947 F.2d 1042, 1063 (3d Cir.1991).

4. Finally, Frazier argues for the first time on appeal that the City can be held liable under the "state-created" danger theory for the harm inflicted by a private actor. For purposes of our review, Frazier's argument based

## ORDER

AND NOW, this 26th day of April, 2000, the order of the Court of Common Pleas of Philadelphia County granting summary judgment in favor of the City of Philadelphia in the above captioned matter is hereby affirmed.

on the state created danger theory has been waived. Moreover, even should we follow those courts which have adopted the doctrine, we find it inapplicable to the facts at hand. "We read the post-DeShaney decisions to frame the [state-created danger] inquiry as 'whether the state actors involved affirmatively acted to create plaintiff's danger, or to render him or her more vulnerable to it.'" *Kneipp v. Tedder*, 95 F.3d 1199, 1207 (3d Cir.1996), quoting *D.R. by L.R. v. Middle Bucks Area Vo. Tech. School*, 972 F.2d 1364, 1373 (3d Cir.1992).