UNIONTOWN NEWSPAPERS, INC., t/d/b/a the Herald–Standard, a corporation and Paul Sunyak, an individual, Petitioners

v.

Lawrence ROBERTS, in his capacity as a member of the General Assembly of Pennsylvania, Respondent.

Commonwealth Court of Pennsylvania.

Argued Dec. 12, 2005.

Decided Feb. 27, 2006.

Reconsideration Denied March 28, 2006.*

* Judge Cohn Jubelirer did not participate in this decision.

Charles Kelly, Canonsburg, for petitioners.

Jonathan F. Bloom, Philadelphia, for respondent.

BEFORE: COLINS, President Judge, and McGINLEY, Judge, and LEADBETTER, Judge.

OPINION BY President Judge COLINS.

This case, brought in the Court's original jurisdiction, has been remanded from the Supreme Court, which affirmed in part and reversed in part a ruling by this Court sustaining Respondent's preliminary objections and dismissing the underlying complaint. *Uniontown Newspapers, Inc. v. Roberts*, 576 Pa. 231, 839 A.2d 185 (2003). The Supreme Court found that two counts of the complaint brought under 42 U.S.C. § 1983,[1] should not be dismissed on preliminary objections because factual issues remained concerning whether Respondent was acting under color of law, which issues were not addressed in Respondent's preliminary objections. Respondent now comes before the Court seeking Judgment on the Pleadings. Judgment is granted.

This case arose when Petitioners sought access to personal cellular phone bills for which Respondent, as a member of the General Assembly, received partial reimbursement from public funds. Respondent refused to produce the phone bills, which

---

1. Section 1983 provides in pertinent part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...."

were in Respondent's name and mailed to his personal residence. Petitioners, in particular a reporter, Mr. Sunyak, published articles and editorials critical of Respondent. In an apparent effort to defend himself against such criticism, Respondent allowed limited access to his phone bills to certain members of the media. Respondent was willing to allow Petitioners access, except Mr. Sunyak, provided they abide by conditions Respondent claims to have imposed on other members of the media. Those conditions included not being allowed to (1) keep copies of the bills, (2) be left alone with the bills, (3) take notes, (4) release the identities of those parties whose numbers were listed on the bills, or (5) contact those same parties. Petitioners found these conditions and the outright exclusion of Mr. Sunyak unacceptable, and viewed their imposition as a refusal of access.

Petitioners filed a three count complaint alleging that their constitutional rights had been violated by Respondent because he denied them access to itemized personal cellular phone bills, which were in part reimbursed from public funds where calls were related to official government business. That complaint was dismissed on preliminary objections by this Court. The Supreme Court affirmed dismissal as to count one, relating to First Amendment and common law right of access to phone bills, but reversed as to counts two and three and remanded those issues to this Court. *Id.*

The first issue is whether Respondent is entitled to Judgment on the Pleadings on Petitioners' claim in count two that they were denied Equal Protection. Petitioners allege that Respondent acted under color of state law in violation of Petitioners' constitutional right to equal protection by denying them access to his phone records while allowing other members of the media to have access. Respondent argues that he acted as a private citizen protecting his personal cellular phone bill, even though his cellular phone was used for both public and private purposes and he was reimbursed for calls made in the course of his public office.

The second issue is whether Respondent is entitled to Judgment on the Pleadings on Petitioners' claim in count three that they were subject to retaliation for the exercise of their constitutional rights. Petitioners allege that Respondent acted under color of state law by retaliating against them for exercise of their First Amendment right to free speech by denying them access to his phone records while allowing other members of the media to have access. Respondent argues that he acted as a private citizen and exercised his own free speech in responding to Petitioners' criticism by granting limited access.

■■■ Respondent states that Petitioners cannot as a matter of law establish that he acted under color of law based upon their pleadings in counts two and three. A motion for judgment on the pleadings should be granted only where the pleadings demonstrate that no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law. *Dunn v. Board of Property Assessment, Appeals & Review of Allegheny County*, 877 A.2d 504 (Pa.Cmwlth.2005). In order to bring a valid claim under § 1983, Petitioners must be able to establish that (1) Respondent denied them a federal right; and (2) Respondent denied the right while acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980). As a preliminary matter, Petitioners' complaint contains general allegations that Respondent acted under color of state law.[2]

■ It is the opinion of the Court that both counts alleged by Petitioners fail for the same reason; therefore, we will analyze both counts simultaneously. The key question the Court must resolve for both counts under Section 1983 is whether the conduct in question was committed by a person acting under color of state law. *Frazier v. City of Philadelphia*, 756 A.2d 80 (Pa.Cmwlth.2000). Whether Respondent acted under color of state law is a question of law for the Court to decide. The Rules of Civil Procedure require that material facts be stated in the pleadings where such facts form the basis of a claim. Pa. R.C.P. No. 1019(a).[3]

■ The lone fact that Petitioners allege to support their claims is Respondent's office as a member of the General Assembly. This fact is undisputed and a matter of public record. Yet, the simple fact of his standing as a public official is insufficient to establish that all acts of Respondent are colored with the authority of the state. This is particularly true where, as here, the Petitioners have not alleged any facts that implicate any action at all by the state itself. It is undisputed that Respondent is himself in possession of the bills, which are in his name and sent to his home address. The Commonwealth does not, and never did, have copies of the bills in question. Respondent's actions then cannot be attributed to the Common-

wealth and it was not state action.[4] Therefore, whether the conduct complained of is that Respondent treated Mr. Sunyak and the Herald–Standard differently from others, or that he acted in a retaliatory fashion in denying access, it is insufficient to state a Section 1983 claim because Respondent acted only as a private citizen.

Accordingly, Respondent's motion for judgment on the pleadings is granted.

Judge COHN JUBELIRER did not participate in this opinion.

**O R D E R**

AND NOW, this 27th day of February 2006, Respondent's *motion for judgment on the pleadings* in the above-captioned matter is GRANTED.

---

**2.** Paragraph 46 of Count II states, "Roberts, as an elected member of the Pennsylvania House of Representatives, acted under color of state law when he impermissibly denied Uniontown Newspapers' right of access to public records."

Paragraph 51 of Count III states, "Roberts, as an elected member of the Pennsylvania House of Representatives, acted under color of state law when he justifiably refused to release public telephone records to Uniontown Newspapers and Paul Sunyak in retalia-

tion for the exercise of their rights under the United States Constitution."

**3.** Pennsylvania Rule of Civil Procedure No. 1019(a) states, "The material facts on which a cause of action or defense is based shall be stated in a concise and summary form."

**4.** The Supreme Court upheld this Court's ruling that there is no common law or First Amendment right of access to the records in question. *Uniontown Newspapers, Inc. v. Roberts*, 576 Pa. 231, 839 A.2d 185 (2003).