**In re Justin Michael CREDICO, Petitioner.**

No. 15–2659.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Rule 21, Fed. R.App. P.

Aug. 5, 2015.

Opinion filed: Aug. 7, 2015.

Justin Michael Credico, Philadelphia, PA, pro se.

Joseph A. Labar, Esq., Office of United States Attorney, Philadelphia, PA, for Plaintiff–Respondent.

Before: FISHER, SHWARTZ and GREENBERG, Circuit Judges.

OPINION *

PER CURIAM.

In March 2014, a grand jury indicted Justin Michael Credico on two counts of violating 18 U.S.C. § 115(a)(1)(B) and two counts of violating 18 U.S.C. § 115(a)(1)(A) relating to obscenity-laced and racially charged threats that he allegedly left in the voicemail mailbox of an FBI special agent in Philadelphia.[1] The grand jury charged him with directing his statements against the special agent he called, that agent's wife, another special agent, and that agent's daughter. Pending his upcoming trial, Credico is being detained at the Federal Detention Center in Philadelphia.

Credico, who (with standby counsel) is representing himself in the criminal case, filed a motion to dismiss the second through fourth counts of the indictment. He maintained that the Government could not show that the elements of the crimes were met. On February 13, 2015, the District Court denied the motion. Credico promptly sought reconsideration. He argued that a trial on counts two through four would violate his right to protection from double jeopardy on the basis that those counts were impermissibly multiplicitous. Although the District Court concluded that the claim was not a basis for reconsideration, the District Court held a hearing on the issue and denied the claim

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

1. In pertinent part, the statute provides that "[w]hoever—(A) ... threatens to assault, kidnap or murder a member of the immediate family of ... a Federal law enforcement offi-

cer ...; or (B) threatens to assault, kidnap, or murder, ... a Federal law enforcement officer, ..., with intent to impede, intimidate, or interfere with such ... law enforcement officer while engaged in the performance of official duties, or with intent to retaliate against such ... law enforcement officer on account of the performance of official duties, shall be punished...." 18 U.S.C. § 115(a)(1)(A) & (B).

as meritless. The District Court also denied Credico's oral motion to file an interlocutory appeal from that ruling. Credico immediately appealed (C.A. No. 15–2759).

Shortly thereafter, Credico submitted the petition for a writ of mandamus that we consider today.[2] He requests that we direct the District Court to stay "any and all proceedings" until we resolve his double jeopardy claim in his separate appeal.

Mandamus is an extraordinary remedy. *See Kerr v. U.S. Dist. Court,* 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). A petitioner must ordinarily have no other means to obtain the desired relief, and he must show a clear and indisputable right to issuance of the writ. *In re School Asbestos Litig.,* 977 F.2d 764, 772 (3d Cir. 1992).

First, Credico has an appeal pending which may provide a means to obtain the relief he desires (if not the stay of proceedings, effectively the same relief from trial on three counts). Second, without forejudging Credico's appeal, we conclude that he does not have a clear and indisputable right to a writ of mandamus imposing a stay of the District Court proceedings to prevent a violation of the Double Jeopardy Clause. His double jeopardy claim is essentially that counts two to four of his indictment charge the same offense as the first count, so they may lead to multiple sentences for a single violation, which is prohibited by the Double Jeopardy Clause.

*See United States v. Pollen,* 978 F.2d 78, 83 (3d Cir.1992) (defining "multiplicitous indictment"). However, that does not appear to be the case,[3] despite Credico's argument that it is because the voicemails were left only in one special agent's voicemail mailbox. Each count in the indictment described threats against a different person protected by the statute; stated differently, each count required proof of a fact that the others did not. *Cf. Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932) (explaining that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not").

Additionally, we conclude that it is inappropriate to grant mandamus relief under the circumstances of this case where Credico has not complied with the Clerk's Order to file a certificate of service showing that he has served his petition and his ifp motion on each party to the proceeding, including the District Court judge.[4] *See* Fed. R.App. P. 21(a).

For these reasons, we deny the petition for a writ of mandamus.[5]

---

**2.** Action was initially deferred on his petition because he did not pay the requisite fee or submit a motion for in forma pauperis ("ifp") and because he had not provided proof of service on the appropriate parties. Subsequently, Credico filed an ifp motion, which we granted, and a motion to permit him to serve the parties electronically by using the electronic case filing system. Also pending is his motion to proceed on the District Court record.

**3.** Whether it is or is not the case is for us to decide in Credico's related appeal, if we con-

clude that we have jurisdiction over the matter, *see United States v. Wright,* 776 F.3d 134, 140 (3d Cir.2015) (describing the application of the collateral order doctrine to review of claims of violations of double jeopardy).

**4.** We deny his request to allow him to serve documents by electronic filing while he is detained at the Federal Detention Center.

**5.** We grant his motion to proceed on the record in this case, which we understand as a request to rule on the mandamus petition

---

based on that filing itself and information that we can glean from the related District Court case. To the extent that Credico seeks to proceed on the record in his appeal, that issue is not before us (he must present the request separately in that matter, if he so chooses).