J. S25034/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JUSTIN M. CREDICO, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | No. 3006 EDA 2016 |
| UNKNOWN COURT STAFF AND | : | |
| UNKNOWN CLERK | : | |

Appeal from the Order, August 9, 2016,
in the Court of Common Pleas of Philadelphia County
Civil Division at No. Case No. 16075783
July Term, 2016, No. 3361

BEFORE: BENDER, P.J.E., RANSOM, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED MAY 15, 2017**

Justin M. Credico, who is incarcerated in the Federal Detention Center in Philadelphia, Pennsylvania, appeals **pro se** from the August 9, 2016 order dismissing his complaint as frivolous, pursuant to Pa.R.C.P. 240(j)(1), for failure to set forth a cause of action upon which relief could be granted. After careful review, we affirm.[1]

The trial court summarized the relevant facts and procedural history of this case as follows:

> In July 2016, [appellant] commenced this action by Complaint. The named Defendants are the "Unknown Court Staff" and "Unknown Clerk" of the Federal Courthouse located at 601 Market Street in Philadelphia. [Appellant] contemporaneously filed a

---

[1] No appellee brief was filed in this matter.

Petition to Proceed **In Forma Pauperis** ("IFP"). The IFP Petition was assigned to this court. As is allowed under Pa.R.C.P. 240(j)(1), this court reviewed the IFP Petition and the Complaint.

The Complaint was filed pursuant to 42 U.S.C. § 1983 and included counts for Abuse of Process and violations of [appellant's] First and Fifth Amendment rights based on a case summary Defendants allegedly issued on the online legal database Lexis Nexis ("Case Summary"). The Case Summary is a short description of a non-precedential United States Court of Appeals for the Third Circuit decision filed in a writ of mandamus matter **In re: Credico**, No. 15-2659, 611 F. App'x 754 (3d. Cir. Aug. 7, 2015) (**per curiam**)[] ("Federal Mandamus Matter").

The full decision of the Federal Mandamus Matter explains that [appellant] was indicted by a grand jury for violating two federal statutes relating to "threats that he allegedly left in the voicemail mailbox of an FBI special agent in Philadelphia." **In re: Credico** at 754. [Appellant] sought to dismiss several counts but the request was denied by the United States District Court for the Eastern District of Pennsylvania. [Appellant] appealed. [Appellant] subsequently filed a petition for writ of mandamus with the Third Circuit requesting that it direct the District Court to stay "any and all proceedings" pending the appeal. The petition was denied on the basis that, **inter alia**, the pending appeal provided [appellant] a means to obtain the relief he desired. **See In re: Credico**, **supra**.

Thereafter, the Case Summary of the Federal Mandamus Matter was published on Lexis Nexis. The Case Summary reads as follows:

> As defendant [Credico] left threats on an FBI's voicemail in violation of [federal statutes], as he had a pending appeal that might obtain the relief he desired..., he was not entitled to mandamus relief.

> ***See*** Exhibit B to [Appellant's] Complaint.
>
> Accordingly, [appellant's] Complaint here alleges that by stating in the Case Summary that "[Credico] left threats on the FBI's voicemail[,]"[] Defendants have suggested [appellant] is in fact guilty of the crimes he is currently awaiting trial for. [Appellant] claims that he pled not-guilty in the criminal matter and has always maintained his innocence. Therefore, [appellant] alleges Defendants violated [Appellant's] rights by "issu[ing] their own thoughts[,] ideas[,] and suggestion into the Case Summary." ***See*** Complaint at ¶ 7.

Trial court opinion, 12/7/16 at 1-3 (citations and some bracketed information in original; footnote omitted).[2]

In an order docketed August 9, 2016, the trial court dismissed appellant's complaint as frivolous, pursuant to Rule 240(j)(1), for failure to set forth a cause of action upon which relief could be granted. (***See*** trial court order, 8/9/16.) Appellant filed a ***pro se*** notice of appeal on September 9, 2016. On October 21, 2016, this court directed appellant to show cause as to why his appeal should not be quashed as untimely, pursuant to Pa.R.A.P. 903(a) and 108(b). (***Per curiam*** order, 10/21/16.) Appellant filed a ***pro se*** response on November 1, 2016. Thereafter, on November 3, 2016, we entered an order discharging the October 21, 2016 rule to show cause and referring the timeliness issue to the instant panel.

---

[2] The trial court opinion does not contain pagination; for the ease of our discussion, we have assigned each page a corresponding number.

(*Per curiam* order, 11/3/16.)  On December 7, 2016, the trial court filed an opinion addressing appellant's claims.

Preliminarily, we must address whether appellant's *pro se* appeal is timely.  It is well settled that a "notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a).  "The date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b)."  Pa.R.A.P. 108(b).  In the instant matter, appellant's notice of appeal was filed on September 9, 2016, 31 days after the order at issue was entered on the docket, August 9, 2016, and the date Rule 236 notice was given.  Although appellant's notice of appeal appears to be untimely on its face, we conclude that the prisoner mailbox rule applies to this case.

Where a *pro se* appellant is incarcerated, as is the case here, an appeal is deemed filed on the date the prisoner deposits the appeal with prison authorities or places it in a prison mailbox.  *See Commonwealth v. Chambers*, 35 A.3d 34, 38 (Pa.Super. 2011), *appeal denied*, 46 A.3d 715 (Pa. 2012).  In determining the filing date of such appeals, we are "inclined to accept any reasonably verifiable evidence of the date that the prisoner deposits the appeal with the prison authorities[,]" including a certificate of mailing, cash slip from prison authorities, affidavit from the prisoner, or

evidence of internal operating procedures of the prison or court regarding mail delivery. *Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997). Here, appellant's notice of appeal was time-stamped as having been received by the clerk of courts on September 9, 2016, yet neither the record nor appellant's November 1, 2016 response to the rule to show cause contains a certificate of mailing indicating when it was deposited with prison authorities. (*See* "Reply to Order to Show Cause Issued by Clerk," 11/1/16.) Nonetheless, we agree with appellant that a document received on September 9th would have presumably been mailed at least one day earlier, making it timely filed. (*Id.* at 1, ¶3.) Accordingly, we deem the instant appeal to be timely.

Appellant raises the following issues for our review:

1. Whether the claims for abuse of process, and first amendment retaliation, as filed, is [sic] frivolous within the meaning of lacking an arguable basis of law or of fact?

2. Whether the [trial] court is permitted to review the § 1983 claims as "federal equivalents" of and treating them not as of [] § 1983, but as bivens [sic]?

Appellant's brief at 4.

"Our review of a decision dismissing an action pursuant to Pa.R.C.P. 240(j) is limited to a determination of whether the plaintiff's constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law." *Ocasio v. Prison Health*

***Servs.***, 979 A.2d 352, 354 (Pa.Super. 2009) (citation omitted). Rule 240(j) provides, in relevant part, as follows:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed ***in forma pauperis***, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.C.P. 240(j)(1) (emphasis added). "Under Rule 240(j), an action is frivolous if, on its face, it does not set forth a valid cause of action." ***Ocasio***, 979 A.2d at 354 (citation and internal quotation marks omitted).

Instantly, appellant contends that defendants committed an abuse of process by utilizing the case summary "as a tactical weapon to find [appellant] guilty" and "coerce a desired result contrary to [his] plea[.]" (Complaint, 7/29/16 at 6, ¶ A6; ***see also*** appellant's brief at 5, 8.) Appellant further argues this case summary violated his First Amendment right to free speech and hindered his ability to develop effective defense strategies, in violation of the Sixth Amendment. (Complaint, 7/29/16 at 5-6, ¶¶ B2-B4; ***see also*** appellant's brief at 5, 8.) Appellant also maintains that defendants' actions gave rise to a First Amendment retaliation/chilling effect claim. (Complaint, 7/29/16 at 7, ¶¶ B2-B4; ***see also*** appellant's brief at 9). Additionally, appellant argues that he possessed a viable cause of action for deprivation of his rights, pursuant to 42 U.S.C. § 1983. (Appellant's brief at 9-10.)

Following our careful review of the record, including appellant's brief and the applicable law, and in light of this court's scope and standard of review, it is our determination that there is no merit to the issues raised on appeal. The trial court's December 7, 2016 opinion comprehensively discusses and disposes of each of appellant's claims. (***See*** trial court opinion, 12/7/16 at 4-5.) We agree with the trial court that, "the factual matters alleged in [appellant's] Complaint do not give rise to a plausible claim against [d]efendants" and that "[appellant's] action has no arguable basis in law or fact[.]" (***Id.*** at 5.) Accordingly, we discern no error on the part of the trial court in dismissing appellant's complaint under Rule 240(j)(1), and adopt the trial court's opinion as our own for purposes of this appellate review.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/15/2017

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### CIVIL TRIAL DIVISION

JUSTIN CREDICO  :  JULY TERM, 2016
                    :  NO.  3361

    v.               :

                    :  SUPERIOR COURT NO.
                    :  3006 EDA 2016

UNKNOWN COURT STAFF and  :
UNKNOWN CLERK  :

## OPINION

Plaintiff Justin Credico, a *pro se* inmate, appeals this court's Order of August 8, 2016, which dismissed Plaintiff's Complaint because Plaintiff did not set forth a cause of action upon which relief could be granted, making the matter frivolous pursuant to Pa.R.C.P. 240(j)(1).

### FACTUAL and PROCEDURA LHISTORY

In July 2016, Plaintiff commenced this action by Complaint. The named Defendants are the "Unknown Court Staff" and "Unknown Clerk" of the Federal Courthouse located at 601 Market Street in Philadelphia. Plaintiff contemporaneously filed a Petition to Proceed *In Forma Pauperis* ("IFP"). The IFP Petition was assigned to this court. As is allowed under Pa.R.C.P. 240(j)(1), this court reviewed the IFP Petition and the Complaint.

The Complaint was filed pursuant to 42 U.S.C. §1983 and included counts for Abuse of Process and violations of Plaintiff's First and Fifth Amendment rights based on a case summary Defendants allegedly issued on the online legal database Lexis Nexis

Credico Vs Doe Etal-OPFLD

16070336100012

A.1

("Case Summary"). The Case Summary is a short description of a non-precedential United States Court of Appeals for the Third Circuit decision filed in a writ of mandamus matter entitled *In Re: Credico,* No. 15-2659, 611 F. App'x 754 (3d Cir. Aug. 7, 2015) (per curiam). ("Federal Mandamus Matter").

The full decision of the Federal Mandamus Matter[1] explains that Plaintiff was indicted by a grand jury for violating two federal statutes relating to "threats that he allegedly left in the voicemail mailbox of an FBI special agent in Philadelphia." *In re Credico* at 754. Plaintiff sought to dismiss several counts but the request was denied by the United States District Court for the Eastern District of Pennsylvania. Plaintiff appealed. Plaintiff subsequently filed a petition for writ of mandamus with the Third Circuit requesting that it direct the District Court to stay "any and all proceedings" pending the appeal. The petition was denied on the basis that, *inter alia*, the pending appeal provided Plaintiff a means to obtain the relief he desired. *See In re Credico,* supra.

Thereafter, the Case Summary of the Federal Mandamus Matter was published on Lexis Nexis. The Case Summary reads as follows:

> As defendant [Credico] left threats on an FBI's voicemail in violation of [federal statutes], as he had a pending appeal that might obtain the relief he desired..., he was not entitled to mandamus relief.

*See* Exhibit B to Plaintiff's Complaint.

Accordingly, Plaintiff's Complaint here alleges that by stating in the Case Summary that "[Credico] left threats on the FBI's voicemail", Defendants have

---

[1] The court is able to view the decision on Westlaw.com. This court does not have access to Lexis Nexis.

A.2

suggested Plaintiff is in fact guilty of the crimes he is currently awaiting trial for. Plaintiff claims he pled not-guilty in the criminal matter and has always maintained his innocence. Therefore, Plaintiff alleges Defendants violated Plaintiff's rights by "issu[ing] their own thoughts ideas and suggestions into the Case Summary." *See* Complaint at ¶7.

Specifically, the Abuse of Process claim asserts Defendants used the Case Summary, "as a tactical weapon to find Plaintiff guilty" and to "coerce a desired result contrary to Plaintiff's [not-guilty] plea..." *See* Complaint at pg. 6. The substantive due process claim alleges Defendants' actions in issuing the Case Summary violated Plaintiff's First Amendment Right to petition and free speech, and hinders Plaintiff's effective defense strategies in violation of the Sixth Amendment. Finally, the last count alleges a First Amendment retaliation/chilling effect claim. Plaintiff seeks $250,000.00 in compensatory damages, plus costs and fees.

After a review of the Complaint, this court dismissed Plaintiff's action pursuant to Rule 240(j)(1). This appeal followed.

## DISCUSSION

In relevant part, Rule 240(j)(1) states:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis,* the court prior to acting upon the petition may dismiss the action, proceeding or appeal...if it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.C.P. No. 240(j)(1).

A.3

A frivolous action is one that "lacks an arguable basis either in law or in fact." Pa.R.C.P. No. 240(j)(1), Note (citation omitted). An action is frivolous under Pa.R.C.P. No. 240(j)(1) if "on its face it does not set forth a valid cause of action." *Ocasio v. Prison Health Servs.*, 979 A.2d 352, 354 (Pa.Super. 2009) (citation omitted).

Here, the Complaint was properly dismissed. First, as to the claim for Abuse of Process, "[t]he tort of 'abuse of process' is defined as the use of legal process against another 'primarily to accomplish a purpose for which it is not designed.' " *Rosen v. American Bank of Rolla,* 426 Pa.Super. 376, 627 A.2d 190, 192 (1993)(quoting Restatement (Second) of Torts § 682). To establish an abuse of process, plaintiff must show that the defendant (1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff. *Id.* "Legal process", also termed "process", is defined as "[t]he proceedings in any action or prosecution" or "[a] summons or writ, esp. to appear or respond in court." Black's Law Dictionary (10th ed. 2014).

Defendants alleged issuing of the Case Summary on Lexis Nexis does not constitute the use of a legal process as defined above. The Case Summary is not part of any action, prosecution, summons or writ against Plaintiff. Therefore, as Plaintiff did not state a necessary element of the cause of action for abuse of process, the Complaint failed to state a claim upon which relief could be granted.

Next, Plaintiff failed to state a cause of action under 42 U.S.C. §1983. 42 U.S.C. §1983, civil action for deprivation of rights, provides the following:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be

A.4

subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. §1983.

To successfully plead a §1983 claim, Plaintiff must establish two elements: (1) a person deprived him of a federal right; and (2) the person was acting under color of state law. *See Gomez v. Toledo,* 446 U.S. 635, 640 (1980); *see also Uniontown Newspapers, Inc. v. Roberts,* 576 Pa. 231, 248-49, 839 A.2d 185, 196 (2003). First, there are insufficient factual allegations to support the conclusion that Plaintiff was deprived a federal right. The facts alleged in Plaintiff's Complaint do not support a constitutional violation as Plaintiff offers no facts as to how any constitutional rights have been implicated. Second, there are insufficient facts to suggest Defendants were acting under color of state law. To be under color of state law, the actor must have exercised "power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Frazier v. City of Philadelphia,* 756 A.2d 80, 83 (Pa. Commw. Ct. 2000) (citation omitted). A review of the Complaint reveals there are no facts to establish that the acts of Defendants are colored with the authority of the state. There are also no facts to implicate any action at all by the state itself.

For the reasons set forth above, the factual matters alleged in Plaintiff's Complaint do not give rise to a plausible claim against Defendants. Plaintiff's action has no arguable basis in law or fact and the trial court properly dismissed the Complaint as

frivolous pursuant to Pa.R.C.P. 240(j)(1).  The appeal of this court's August 8, 2016

Order should therefore be dismissed.

**BY THE COURT:**

Date: 12/7/16

_____

**IDEE C. FOX, J.**