# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Orlando Baez,
                Appellant

            v.

Unit Manager Todd Faubert;
Corrections Officer Charles Briscoe;
Jane Doe; John Doe; Corrections
Officer Shawn Gosner, Sergeant
Andrew Pluhar

:
:
:
:
:   No. 790 C.D. 2023
:
:
:
:
:
:   Submitted: July 5, 2024

BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE MATTHEW S. WOLF, Judge

## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                                     FILED: July 17, 2025

Unrepresented litigant Orlando Baez (Baez), an inmate at a state correctional institution (SCI), appeals from an order entered by the Court of Common Pleas of Montgomery County (trial court) on March 9, 2023, which dismissed his civil complaint as frivolous pursuant to Pa.R.Civ.P. 240(j)(1). Concluding that the trial court's opinion issued pursuant to its order is insufficient for meaningful appellate review, we remand for a supplemental opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a) consistent with this opinion.

On March 8, 2023, Baez filed a civil complaint with the trial court against six SCI employees: Todd Faubert, former unit manager; Andrew Pluhar,

Sergeant; Shawn Gosner, correctional officer; Charles Briscoe, correctional officer; John Doe; and Jane Doe (collectively, "Defendants"). Original Record (O.R.) at 5-6.[1] Baez based his cause of action on 42 U.S.C. § 1983, alleging violations of his rights under the First, Eighth, and Fourteenth Amendments of the United States Constitution, U.S. CONST. amends. I, VIII, and XIV. *Id.* at 4. While Baez's complaint is not artfully drafted and largely consists of a non-concise recitation of factual allegations, it appears that he is alleging retaliation under the First Amendment, indifference and cruel and unusual punishment under the Eighth Amendment, and an equal protection claim under the Fourteenth Amendment. Baez filed a petition to proceed *in forma pauperis* (IFP) alongside his complaint. *Id.* at 21.

His claims arise from the following factual allegations. Baez, who is wheelchair bound, submits that he missed a medical appointment as a result of certain Defendants' refusal to allow fellow inmate Marinelli to wheel him there. O.R. at 6-8. Baez asserts he has had prior conflict with his unit's assigned wheelchair pusher, fellow inmate Cox. *Id.* at 8. Baez further maintains that while certain Defendants prohibited Marinelli from pushing him because Marinelli was not assigned that duty, Marinelli was permitted to push similarly-situated white inmates in their wheelchairs. *Id.* at 7-9. Baez alleges that Defendants' refusal to allow Marinelli to push his wheelchair to his appointment was in retaliation for grievances Baez had previously filed against those Defendants. *Id.* at 8. Baez also contends that Defendant Gosner, at the direction of Defendants Pluhar and Briscoe, reported that he had refused to attend his appointment, which Baez contends is false. *Id.* at 7-8.

---

[1] Page numbers refer to electronic pagination, as the Original Record is unpaginated.

Following the missed medical appointment, Baez filed grievances against Defendants Faubert, Pluhar, and Gosner. O.R. at 8. Thereafter, Baez recounts an incident where Defendant Gosner was alone in his cell while Baez attended a medical appointment. Baez submits that when he returned to his cell, he discovered a head of garlic moved from his sink to his toilet and that his grievance paperwork was missing. *Id.* at 11.[2]

Baez further alleges that Defendants Briscoe and Gosner filed a misconduct report against Baez based upon false allegations in another act of retaliation. O.R. at 16. Baez submits that Defendant Gosner chose not to file a misconduct report when another inmate called Baez a "faggot" and "homosexual" and that Defendant Gosner falsely accused Baez of inappropriately exposing himself in the prison dayroom. *Id.* at 11. Additionally, Baez alleges that Defendants Briscoe and Gosner threatened to file misconduct reports regarding excess soap suds left by Baez in the shower as further retaliation against Baez for filing grievances. *Id.* at 17.

On March 9, 2023, the trial court issued its order dismissing Baez's complaint as frivolous pursuant to Pa.R.Civ.P. 240(j). In its subsequent opinion, issued April 17, 2023, the trial court opined that any harm suffered by Baez resulted from Baez's refusal to attend his scheduled medical appointment with his assigned wheelchair pusher, presumably responsive to Baez's Eighth Amendment claim. Following the trial court's dismissal of his complaint, Baez appealed to this Court.[3]

---

[2] Baez does not directly state in his complaint that Defendant Gosner put the garlic in the toilet or removed any of Baez's grievance paperwork. However, it is stated or otherwise implied that Baez accused Defendant Gosner of such behavior.

[3] Our review of a denial of an IFP application and dismissal of a complaint as frivolous pursuant to Rule 240(j)(1) is limited to determining whether constitutional rights were violated and whether the trial court abused its discretion or committed an error of law. *Jones v. Doe*, 126 A.3d 406, 408 n.3 (Pa. Cmwlth. 2015).

In relevant part, Pa.R.Civ.P. 240 provides:

(b) A party who is without financial resources to pay the costs of litigation is entitled to proceed in forma pauperis.
. . . .

(c)(3) ... If the [IFP] petition is denied, in whole or in part, the court shall briefly state its reasons.
. . . .

(j)(1) If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed in forma pauperis, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.Civ.P. 240. "A frivolous action or proceeding has been defined as one that 'lacks an arguable basis either in law or in fact.'" Pa.R.Civ.P. 240(j)(1), Note (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *see also McGriff v. Vidovich*, 699 A.2d 797, 799 (Pa. Cmwlth. 1997) ("[A]n action is frivolous under [Pa.R.Civ.P. 240(j)], 'if, *on its face*, it does not set forth a valid cause of action.'") (emphasis added). A litigant seeking to proceed IFP must present a valid cause of action. *McWilliams v. Com.*, 264 A.3d 828 (Pa. Cmwlth. 2021) (citing *Conover v. Mikosky*, 609 A.2d 558, 560 (Pa. Super. 1992)). However, our courts remain "mindful that a *pro se* complaint should not be dismissed simply because it is not artfully drafted." *Ocasio v. Prison Health Servs.*, 979 A.2d 352, 354 (Pa. Super. 2009).

When a trial court receives a notice of appeal, it must comply with Pa.R.A.P. 1925. In relevant part, Rule 1925(a)(1) provides:

4

> [U]pon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall . . . file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.

Pa.R.A.P. 1925(a)(1). Our Supreme Court has held that the "purpose of [Rule] 1925(a) is to facilitate appellate review of a particular trial court order. Additionally . . . the rule fulfills an important policy consideration by providing to disputing parties, as well as to the public at large, the legal basis for a judicial decision." *Com. v. Parrish*, 224 A.3d 682, 692 (Pa. 2020) (quoting *Com. v. DeJesus*, 868 A.2d 379, 382 (Pa. 2005)).

The threshold inquiry in determining the validity of an action brought under Section 1983 requires the court to consider two essential elements: "(1) whether the conduct complained of was committed by a person acting under color of state law, and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Costa v. Frye,* 588 A.2d 97, 99 (Pa. Cmwlth. 1991) (citing *Parratt v. Taylor,* 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams,* 474 U.S. 327 (1986)).

In its opinion, the trial court failed to address most of the claims raised by Baez. A complaint may only be dismissed as frivolous under Pa.R.Civ.P. 240(j) if it raises no viable claim for relief on its face. The trial court opined that it "determined the alleged harm was due to [Baez] refusing to attend his doctor's appointment [and] not a result of anything the Defendants did." However, this appears to be responsive only to Baez's Eighth Amendment deliberate indifference claim and fails to address his First Amendment retaliation claim, Fourteenth

Amendment equal protection claim, or his Eighth Amendment cruel and unusual punishment claim.[4]  Therefore, we require the trial court to further clarify the basis for its dismissal before we can conduct meaningful appellate review.  Accordingly, we remand for a supplemental opinion pursuant to Pa.R.A.P. 1925(a) in which the trial court shall address the question of whether Baez's complaint, on its face, lacks merit with respect to *each* claim raised therein.

---

MATTHEW S. WOLF, Judge

---

[4] Further, the trial court appears to be making a factual finding which may be at odds with the facial reading of Baez's complaint.  At this stage of proceedings, Baez's pleadings are treated as true.  *See, e.g., Nunez v. Blough*, 283 A.3d 413, 425 (Pa. Cmwlth. 2022).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Orlando Baez, : 
           Appellant : 
  : 
      v. :   No. 790 C.D. 2023
  : 
Unit Manager Todd Faubert; : 
Corrections Officer Charles Briscoe; : 
Jane Doe; John Doe; Corrections : 
Officer Shawn Gosner, Sergeant : 
Andrew Pluhar : 

# **O R D E R**

AND NOW, this 17th day of July 2025, this matter is remanded to the Court of Common Pleas of Montgomery County (trial court) to prepare and forward to this Court, within 45 days, a supplemental opinion in support of its order in compliance with Pennsylvania Rule of Appellate Procedure 1925(a) and the accompanying memorandum opinion.

Jurisdiction retained.

_____
MATTHEW S. WOLF, Judge