Argued June 2,1999.
BEFORE: STAPLETON and ROTH, Circuit Judges, and LONGOBARDI,* District Judge.
Reargued En Banc Feb. 16, 2000.
BEFORE: BECKER, Chief Judge, SLOVITER, MANSMANN, GREENBERG, SCIRICA, NYGAARD, ALITO, ROTH, McKEE, RENDELL, BARRY and STAPLETON, Circuit Judges.
OPINION OF THE COURT
STAPLETON, Circuit Judge:
C.H., as guardian ad litem of Z.H., appeals from an order of the District Court dismissing her complaint in this civil rights action. The complaint alleges that the First Amendment rights of Z.H., a minor, were violated on two occasions: once when he was a kindergarten student and once when he was in the first grade.[1] The District Court held, inter alia, that it had no jurisdiction over the defendant Department of Education of the State of New Jersey and that no constitutional violation occurred on either occasion. It entered judgment on the pleadings in favor of all of the defendants.
This en banc court finds itself equally divided on the issue of whether judgment was properly entered in favor of the defendants other than the Department of Education on the First Amendment claim arising from the first grade episode. Accordingly, we will affirm the District Court’s judgments in favor of those defendants on that basis without further explication. While we agree with the District Court that the Department of Education is immune from suit in a federal court under the Eleventh Amendment, we will vacate the judgment in its favor and remand with instructions to dismiss the claims against it for lack of jurisdiction. With respect to the other defendants, we conclude that the complaint fails to state claims against them arising out of the kindergarten epi *201 sode. We will remand, however, to give C.H. an opportunity to cure the deficiencies we have identified if she is able to do so.
I.
The following facts are affirmatively alleged in the complaint. In the Fall of 1994, Z.H. was a kindergarten student at the Haines Elementary School, a public school, in Medford, New Jersey. Defendant Pratt was the principal of that school; defendant Johnson was the Superintendent of Schools in the Medford School District; and defendant Medford Township Board of Education owned and operated the public schools in the District. Defendant Klagholtz was the Commissioner of Education of the State of New Jersey. He and defendant Department of Education of the State of New Jersey are alleged to be responsible for the general supervision of public education in the State. Defendant Oliva was to be Z.H.’s first grade teacher in the following year and was not involved in the relevant events in Ü.994.
In the spirit of the Thanksgiving holiday, Z.H.’s teacher asked the students to make posters depicting what they were “thankful for.” Z.H. produced a poster indicating that he was thankful for Jesus. The allegations with respect to the remainder of the kindergarten episode are as follows:
13. Z.H.’s poster along with those of his classmates were subsequently placed on display in the hallway of the school. Subsequently, employees of Defendant, Township of Medford Board of Education, removed Z.H.’s poster because of its religious theme.
14. Said removal occurred on a day when Z.H.’s kindergarten teacher was absent. Upon her return, said teacher properly returned the poster to the hallway, although this time the poster was placed at a less prominent location at the end of said hallway.
15.Both Z.H. and C.H. were made aware of the removal of the poster because of its religious theme.
The removal is thus twice alleged to have been motivated by the religious theme of the poster, but that removal is alleged to have been done by unidentified “employees of Defendant.” On the other hand, the restoration to a “less prominent location” is attributed to Z.H.’s teacher who is not joined as a defendant and who is not alleged to have acted because of the poster’s religious theme. None of the defendants in the case is alleged to have participated in, or been aware of, the decision to remove the poster or to restore it to a “less prominent location.”
II.
The Department of Education is a state agency and as such is immune from suit in a federal court "without regard to the nature of the relief sought. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100-101, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). Accordingly, we agree with the District Court that this suit could not go forward against the Department of Education. Having concluded that it was immune from suit under the Eleventh Amendment, however, it should have dismissed the claim against the Department for want of jurisdiction, rather than entering judgment in its favor. See Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 63, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996); Wheeling & Lake Erie Ry. Co. v. Public Utility Comm’n, 141 F.3d 88, 91 n. 3 (3d Cir.1998); Sullivan v. Barnett, 139 F.3d 158, 179 (3d Cir.1998).
III.
It is, of course, well established that a defendant in a civil rights case cannot be held responsible for a constitutional violation which he or she neither participated in nor approved. See Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293 (3d Cir.1997); Baker v. Monroe Township, 50 F.3d 1186, 1190 (3d Cir. *202 1995). There is no vicarious, respondeat superior liability under S 1983. See Monell v. Dep’t of Soc. Servs, of City of New York, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Hopp v. City of Pittsburgh, 194 F.3d 434, 441 (3d Cir.1999). Moreover, a school board can be held responsible for a constitutional violation of a teacher only if the violation occurred as a result of a policy, custom or practice established or approved by the board. See Monell, 436 U.S. at 694, 98 S.Ct. 2018; Woodwind Estates, Ltd. v. Gretkowski, 205 F.3d 118, 126 (3d Cir.2000); Hopp, 194 F.3d at 441.
As we have noted, there is no allegation that Oliva, Pratt, Johnson or the Board of Education participated in or approved the removal or restoration decisions and the Board of Education is not alleged to have established or approved any policy, custom or practice. Similarly, it is not alleged that the State Commissioner established or approved a policy, practice or custom causally related to the removal or restoration decisions. Rather the allegation as to the Commissioner is that he “failed to exercise [his] supervisory powers in a fashion which would protect the constitutional rights of students such as Z.H.” (A.11).
As the District Court recognized, a state official who is acting in violation of the United States Constitution can be sued for prospective equitable relief. See Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). A state official may be held responsible under § 1983 for exercising or failing to exercise supervisory authority, however, only if that official “has exhibited deliberate indifference to the plight of the person deprived.” Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir.1989). Accordingly, a plaintiff asserting a failure to supervise claim must not only identify a specific supervisory practice that the defendant failed to employ, he or she must also allege “both (1) contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents, and (2) circumstances under which the supervisor’s inaction could be found to have communicated a message of approval.” Bonenberger v. Plymouth Township, 132 F.3d 20, 25 (3d Cir.1997) (quoting Colburn v. Upper Darby Township, 838 F.2d 663, 673 (3d Cir.1988)). Here the sole allegation against the Commissioner is that he failed to supervise in a way that would have prevented the alleged violation of Z.H.’s First Amendment rights. That is insufficient.
IV.
This is not a situation in which the complaint is merely lacking in factual detail. It is a situation in which the fair inference from the facts alleged is that the defendants did not play any role in the challenged decisions and there is no allegation, even conclusory, to the contrary. Accordingly, this is a situation in which it is very likely that the Court is being asked to resolve an important issue of constitutional law that is a purely hypothetical one as far as these parties are concerned.
While the removal is alleged to have been motivated by the religious theme of the poster, it is not alleged that the removal occurred as a result of any school policy against the exhibition of religious material. To the contrary, the affirmatively alleged prompt return of the poster to the display vouches for the absence of such a policy. Also noticeably absent from the complaint is any allegation that the restoration to “a less prominent place” was the result of a school policy or an authoritative directive from Principal Pratt or Superintendent Johnson. To the contrary, C.H.’s brief before the District Court indicates that there was no such policy or directive and that the placement was the product of an ad hoc “compromise” among peers. The brief explains C.H.’s understanding that Z.H.’s “kindergarten teacher on her own initiative returned the poster to public display, but ... as a compromise to those who were against any display of the post *203 er, agreed to place it in a less prominent position.” Plaintiffs Brief in Opposition at 1 n.2.
We decline to address the tendered constitutional issue under these circumstances. On the other hand, we acknowledge that the absence of allegations of participation was not pressed in support of the defendants’ motion for judgment on the pleadings and that, if it had been, C.H. would undoubtedly have been given an opportunity to amend her complaint. Moreover, we cannot rule out the possibility that C.H. might be able to establish through amendment that an actual case or controversy exists between the parties. Under these circumstances, we conclude that the prudent course is to remand this case to the District Court with instructions to provide C.H. with an opportunity to amend. If she is unable to allege personal involvement in the kindergarten episode on the part of any of the defendants, the complaint should be dismissed. If personal involvement is alleged, the District Court should conduct further proceedings consistent with this opinion.
We will vacate the judgment of the District Court entered in favor of the Department of Education and will remand with instructions to dismiss the complaint against it for want of jurisdiction. We will affirm the judgment of the District Court with respect to the claims against the remaining defendants arising from the events occurring during Z.H.’s first grade year. We will vacate the judgment of the District Court with respect to the remaining claims and will remand with instructions to provide C.H. an opportunity to amend the allegations of her complaint concerning them.

. The complaint purports to state claims under both the Free Speech Clause and the Establishment Clause of the First Amendment. Given our resolution of this appeal, it is unnecessary for us to distinguish in this opinion between the two theories of liability.