IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wayne A. Dreibelbis, Jr.,                   :
                                            :
                        Appellant           :
                                            :
            v.                              : No. 3 C.D. 2023
                                            : Argued:  September 11, 2023
Centre County Grange Encampment             :
and Fair, George Witherite, Jamie           :
Brown, Lisa Stoner, Douglas Straus,         :
Robert Rhodes, and John or Jane Doe         :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK[1]                           FILED:  October 24, 2024

        Wayne A. Dreibelbis, Jr. (Plaintiff) appeals from an order of the Centre

County Court of Common Pleas (trial court) entering judgment in favor of the Centre

County Grange Encampment and Fair (Grange Fair) and its security personnel

George Witherite, Jamie Brown, Lisa Stoner, Douglas Straus, Robert Rhodes, and

John or Jane Doe (collectively, Security) (together, Defendants) and against

Plaintiff.  Plaintiff contends that the trial court erred or abused its discretion by

granting summary judgment where facts are in dispute and should have gone to a

jury; determining that Security's conduct was objectively reasonable; and

misapplying the proper elements to Plaintiff's claims.  Upon review, we affirm.

_____
        [1] This case was reassigned to the authoring judge on September 10, 2024.

This action arises from an incident that occurred on August 21, 2015, at the Grange Fair. Plaintiff was operating a drone from the parking lot of the Grange Fair fairgrounds when he was confronted by Security, who advised him that he was not permitted to operate the drone on, or above, Grange Fair property. Security took possession of the drone and, according to Plaintiff, damaged the drone. After a struggle, Security detained Plaintiff until the arrival of the Pennsylvania State Police (State Police). After the State Police arrived and investigated the incident, Plaintiff was released and permitted to leave the fairgrounds. Plaintiff was issued a citation for disorderly conduct, which was later dismissed.

Plaintiff initiated this action by filing a 10-count complaint against Defendants raising the following claims: Count I - Assault; Count II - Battery; Count III - False Imprisonment; Count IV - Trespass to Personal Property; Count V - Negligence; Count VI - Intentional Infliction of Emotional Distress; Count VII - Violation of Civil Rights Pursuant to 42 U.S.C. §1983; Count VIII - Violation of First Amendment Rights[2] under Color of Law - 42 U.S.C. §1983; Count IX - Civil Conspiracy; and Count X - Concerted Tortious Conduct. Plaintiff requested entry of judgment in his favor and against all Defendants in an unliquidated amount to be determined at a jury trial, together with punitive damages, the costs of suit, and such other and further relief as determined just and proper.

Defendants responded by filing an answer and new matter, asserting numerous affirmative defenses, to which Plaintiff answered. Thereafter, Defendants filed a motion for partial summary judgment to all counts except to Count IV - Trespass to Personal Property based on alleged damage to Plaintiff's drone.

---

[2] *See* U.S. Const. amend. I.

On March 2, 2020, the trial court granted Defendants' motion and entered judgment in their favor and against Plaintiff as to all counts except Count IV. The trial court determined that Plaintiff was operating the drone in contravention of Grange Fair policies and that Security acted objectively reasonable under the circumstances.

Thereafter, Plaintiff consented to the entry of judgment in favor of Defendants on Count IV, the sole count remaining, based on the rationale set forth in the Court's March 2, 2020 Opinion. By order dated August 26, 2022, the trial court entered a consent judgment, rendering final judgment as to all matters.

Thereafter, Plaintiff appealed to this Court. At the direction of the trial court, Plaintiff filed a Pa. R.A.P. 1925(b) statement of errors complained of on appeal (1925(b) Statement), asserting the same issues raised herein. On November 10, 2022, the trial court issued a Pa. R.A.P. 1925(a) Opinion (1925(a) Opinion) setting forth the reasons for its decision. The trial court addressed the assignments of error and provided a detailed analysis supporting the entry of summary judgment in favor of Defendants. The trial court recited the various legal standards for each count. The trial court reviewed all of the evidence presented by the parties, including Plaintiff's video recording of the incident, *see* Reproduced Record at 440a, and determined that there were no genuine issues of material fact. The trial court summarized the key undisputed facts. Namely, Security was acting under color of state law, having been sworn in by a judge of the trial court to carry out the laws of the state and to provide security on the Grange Fair fairgrounds. Plaintiff was operating a drone on the fairgrounds. Security took the drone from Plaintiff because he was not permitted to operate a drone. Security refused to return the drone until they escorted Plaintiff to his vehicle. Security asked Plaintiff to leave. Plaintiff was

3

verbally confrontational with Security advising them of his legal rights. Plaintiff then complained that Security broke his drone, and the confrontation escalated. Plaintiff continued to try to teach Security about the law. Security threatened to contact the State Police, which Plaintiff encouraged. Once the State Police were called, Plaintiff got back into his car and attempted to drive away. At that point, Security blocked Plaintiff from leaving and advised him that he could not leave because the State Police had been called. Plaintiff exited his vehicle and complained of entrapment. He approached one of the Security guards and demanded his name. When the Security guard refused to give his name, Plaintiff moved his camera closer to the Security guard's badge. The Security guard smacked Plaintiff's camera out of his hand, and another guard, off camera, tackled Plaintiff to the ground. Security physically detained Plaintiff until the State Police arrived. After the investigation, Plaintiff was free to leave. Under the totality of the circumstances, the trial court found that Security behaved in an objectively reasonable manner because they likely viewed Plaintiff as a potential safety risk.

On appeal, Plaintiff contends that the trial court erred as a matter of law and abused its discretion by holding that Security's conduct in assaulting, tackling, restraining, and detaining him was objectively reasonable, upon which the entirety of the trial court's determination of this case rests, notwithstanding that such determinations of disputed facts are not suited for disposition on summary judgment, but, rather, are questions best put to a jury. Plaintiff further asserts that the trial court erred as a matter of law and abused its discretion in its recitation and application of the elements relative to Plaintiff's claims against Security based on assault, battery, false imprisonment, and negligence; the negligent hiring and negligent supervision of Security by Grange Fair; his Section 1983 claims; and his free speech claims.

4

After reviewing the record, the parties' briefs, and the relevant law, we conclude that the appellate issues have been ably resolved in the thorough and well-reasoned opinion of the Honorable Pamela A. Ruest, President Judge. Therefore, we affirm the trial court's order on the basis of her 1925(a) Opinion in the matter of *Dreibelbis, Jr. v. Centre County Grange Encampment and Fair* (C.P. Centre County, No. 2017-3029, filed November 10, 2022).

_____
MICHAEL H. WOJCIK, Judge

Judge Fizzano Cannon did not participate in the decision of this case.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wayne A. Dreibelbis, Jr.,    :
            :
      Appellant :
            :
     v.     : No. 3 C.D. 2023
            :
Centre County Grange Encampment :
and Fair, George Witherite, Jamie :
Brown, Lisa Stoner, Douglas Straus, :
Robert Rhodes, and John or Jane Doe :

# **O R D E R**

AND NOW, this 24<u>th</u> day of <u>October</u>, 2024, the order of the Centre County Court of Common Pleas, dated August 26, 2022, is AFFIRMED.

            _____
            MICHAEL H. WOJCIK, Judge



# IN THE COURT OF COMMON PLEAS OF CENTRE COUNTY, PENNSYLVANIA
## CIVIL ACTION-LAW

WAYNE A. "SKIP" DREIBELBIS, JR.,
    Appellant

    v.

CENTRE COUNTY GRANGE ENCAMPMENT
AND FAIR, GEORGE WITHERITE,
JAMIE BROWN, LISA STONER,
DOUGLAS STRAUS, ROBERT RHODES, and
JOHN AND JANE DOES 1 THROUGH 9,
    Appellees

No. 2017-3029

1372 MDA 2022

*Attorney for Appellant:*
*Attorney for Appellees:*

*George A. Michak, Esq.*
*Lauren E. Dobrowalski, Esq.*

## Opinion in Response to Matters Complained of on Appeal

**Ruest, P.J.**

Appellant Wayne A. "Skip" Dreibelbis ("Mr. Dreibelbis") filed a Notice of Appeal to the Superior Court on September 23, 2022 to this Court's Opinion and Order granting Partial Summary Judgment to Appellees on March 2, 2020 and to the Consent Judgment entered for the purpose of creating a final, appealable judgment on August 26, 2022. On October 27, 2022, Appellant filed a Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b). Upon review of Mr. Dreibelbis' Statement, this Court respectfully maintains that no error was committed. By way of further explanation, the Court respectfully submits this Opinion pursuant to Pa.R.A.P. 1925(a).

### Discussion

Mr. Dreibelbis raises eight (8) issues in his Statement of Errors Complained of on Appeal. These issues include: (1) whether this Court erred as a matter of law and abused its discretion by holding that Appellees' conduct was objectively reasonable, (2) whether this Court

☒O ☐RD ☐S

erred as a matter of law and abused its discretion in its recitation of the elements and in its analysis relative to Mr. Dreibelbis' claims based on assault, battery, false imprisonment, and negligence, (3) whether this Court erred as a matter of law and abused its discretion in its recitation of the elements and in its analysis relative to the negligent hiring and negligent supervision of the individual Appellees by Appellee Centre County Grange Encampment and Fair ("Grange Fair"), (4) whether this Court erred as a matter of law and abused its discretion in its recitation of the elements and in its analysis relative to Mr. Dreibelbis' Section 1983 claims, (5) whether this Court erred as a matter of law and abused its discretion in its recitation of the elements and in its analysis relative to Mr. Dreibelbis' free speech claims, (6) whether this Court erred as a matter of law and abused its discretion by failing to properly weigh the credibility of the individual Appellees in consideration of their demonstrably false statements on the record, (7) whether this Court erred as a matter of law and abused its discretion by failing to put the credibility of the individual Appellees before a jury, particularly considering the individual Appellees' demonstrably false statements on the record, and (8) whether this Court erred as a matter of law and abused its discretion by granting summary judgment when there are genuine issues of material fact in dispute.

This Court believes no error was committed and respectfully requests that its Orders of March 2, 2020 and August 26, 2022 remain undisturbed.

## I. This Court's Holding that Appellees' Conduct was Objectively Reasonable

In his first error complained of on appeal, Mr. Dreibelbis claims this Court erred as a matter of law and abused its discretion by holding that Appellees' conduct with respect to Mr. Dreibelbis was objectively reasonable. So claiming, Mr. Dreibelbis asserts "such determinations

2

of disputed fact are not suited for disposition on Summary Judgment, but rather, are questions best put to a jury."

In determining the conduct of the individual Appellees to have been objectively reasonable, this Court began by analyzing Mr. Dreibelbis' Section 1983 claim. A valid claim under 42 U.S.C. §1983 must establish "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Johnson v. Desmond*, 441 Pa. Super. 632, 635, 658 A.2d 375, 376 (1995) (citing *Oatess v. Norris*, 431 Pa. Super. 599, 602, 637 A.2d 627, 629 (1994)). Section 1983 claims alleging excessive force by law enforcement are to be analyzed under the Fourth Amendment's "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 389, 109 S. Ct. 1865 (1989). To determine whether law enforcement's use of force was reasonable, the court will consider the facts and circumstances confronting the officer at the time of the seizure without regard to an officer's underlying intent or motivation. *Id.* at 397. Additional factors for the Court to consider include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396.

It is undisputed that the individual Appellees were acting under color of state law, having been sworn in by a judge of the Court of Common Pleas to carry out the laws of the state and to provide security on the Grange Fair grounds. Having reviewed the evidence submitted by the parties at the time Appellees moved for Summary Judgment, this Court recognized Mr. Dreibelbis as having been confrontational with the individual Appellees. Under the totality of the circumstances, this Court found Mr. Dreibelbis may have been seen as a safety risk to the

3

individual Appellees due to his confrontational manner and the fact that he seemed to be getting in and out of his vehicle. For that reason, this Court properly found the individual Appellees to have behaved in an objectively reasonable manner under the circumstances of their confrontation with Mr. Dreibelbis. Accordingly, no reversible error occurred.

## II.    Mr. Dreibelbis' Intentional Tort and Negligence Claims

In his second error complained of on appeal, Mr. Dreibelbis claims this Court erred as a matter of law and abused its discretion in its recitation of the elements and in its analysis relative to Mr. Dreibelbis' claims based on assault, battery, false imprisonment, and negligence.

Civil liability for assault requires the alleged victim's reasonable apprehension of an imminent battery and the actor's present ability to inflict the battery. *Commonwealth v. Towbridge*, 261 Pa. Super. 109, 395 A.2d 1337, 1339 (1978). A proper showing of civil liability for battery requires a plaintiff to show the defendant acted in a way to cause harmful or offensive contact or an imminent apprehension of that contact, and an offensive contact with the person of the other. *Renk v. City of Pittsburgh*, 537 Pa. 68, 76–77, 641 A.2d 289, 293–94 (1994). In Pennsylvania, the elements of false imprisonment are (1) the detention of another person and (2) the unlawfulness of such detention. *Id.* at 293.

Here, this Court based its ruling on these claims in its earlier finding that the individual Appellees' conduct was objectively reasonable. The Court further found, based on its review of the evidence presented, Mr. Dreibelbis placed himself in close proximity to the individual Appellees, such that he should have been aware of the possibility of contact with the Appellees. Because the individual Appellees' use of force was objectively reasonable, and because Mr. Dreibelbis positioned himself close enough such that he should have been aware of the

4

possibility of contact, the Court properly granted summary judgment in favor of Appellees with respect to Mr. Dreibelbis' battery and assault claims.

Regarding Mr. Dreibelbis' false imprisonment claim, Mr. Dreibelbis had the option of leaving the scene until Appellees called the Pennsylvania State Police, which Mr. Dreibelbis encouraged. For that reason, the Court properly found the individual Appellees' detention of Mr. Dreibelbis until the State Police arrived to have been reasonable under the circumstances. Accordingly, this Court properly granted summary judgment in favor of Appellees with respect to Mr. Dreibelbis' false imprisonment claim.

Regarding Mr. Dreibelbis' negligence claim, the presentation of this claim in Mr. Dreibelbis' Complaint appears to sound in an allegation of the negligent hiring and supervision of the individual Appellees by the Grange Fair. As such, this Court properly treated the issue in its March 2, 2020 Opinion and Order. An employer may be held directly liable for its negligence "...(b) in the employment of improper persons or instrumentalities in work involving risk of harm to others; or (c) in the supervision of the activity; or (d) in permitting, or failing to prevent, negligent or other tortious conduct by persons, whether or not his servants or agents, upon premises or with instrumentalities under his control." *Heller v. Patwil Homes, Inc.*, 713 A.2d 105, 107 (Pa. Super. Ct. 1998) (quoting Restatement (Second) of Agency §213). To recover under a claim for negligent supervision, a plaintiff must prove the four elements of negligence (i.e. duty, breach, causation, and damages) and "that his loss resulted from (1) a failure to exercise ordinary care to prevent an intentional harm by an employee acting outside the scope of his employment, (2) that is committed on the employer's premises, (3) when the employer knows or has reason to know of the necessity and ability to control the employee." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 487–88 (3d Cir. 2013); see also *Dempsey v. Walso Bureau, Inc.*,

431 Pa. 562, 246 A.2d 418, 420 (1968). An employer has a duty to reasonably monitor and control the activities of the employee and to abstain from hiring an employee then placing that employee in a situation where he might harm a third party. *Id.* at 488.

Here, this Court found Mr. Dreibelbis to have been very confrontational with the individual Appellees, who were properly responding to a violation of the Grange Fair rules on the fairgrounds. In so responding to Mr. Dreibelbis' violation, the individual appellees were largely peaceable, only using physical force when it became necessary during their confrontation with Mr. Dreibelbis. At the time summary judgment was granted, Mr. Dreibelbis failed to prove Appellee Grange Fair had breached any duty which would render it liable for negligent hiring or supervision of the individual Appellees. Accordingly, the Court properly granted summary judgment in favor of Appellees with respect to Mr. Dreibelbis' negligence claim and no reversible error occurred.

## III. Mr. Dreibelbis' Negligent Hiring and Negligent Supervision Claims

In his third error complained of on appeal, Mr. Dreibelbis claims this Court erred as a matter of law and abused its discretion in its recitation of the elements and in its analysis relative to Mr. Dreibelbis' claims based on the negligent hiring and negligent supervision of the individual Appellees by Appellee Grange Fair.

As described above, this Court properly treated this issue in consideration of Mr. Dreibelbis' negligence claim, finding Mr. Dreibelbis failed to prove Appellee Grange Fair had breached any duty which would render it liable for negligent hiring or supervision of the individual Appellees. Accordingly, the Court properly granted summary judgment in favor of Appellees with respect to Mr. Dreibelbis' negligent hiring and negligent supervision claims and no reversible error occurred.

## IV.    Mr. Dreibelbis' Section 1983 Claims

In his fourth error complained of on appeal, Mr. Dreibelbis claims this Court erred as a matter of law and abused its discretion in its recitation of the elements and in its analysis relative to Mr. Dreibelbis' Section 1983 claims.

As described above, this Court's finding of objectively reasonable conduct by the individual Appellees began with an analysis of Mr. Dreibelbis' Section 1983 claims. Analyzing these claims under the above-described standard for a claim sounding in deprivation of rights by a person acting under color of state law, the Court properly found the individual Appellee's conduct to have been objectively reasonable. As such, Mr. Dreibelbis could not prevail on his 1983 claims, and summary judgment was properly entered in favor of Appellees with respect to Mr. Dreibelbis' Section 1983 claims.

The Court also recognized Appellee Grange Fair could not be held liable under Section 1983 under a theory of *respondeat superior*. "[A] defendant in a civil rights case cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201 (3d Cir. 2000). Because Appellee Grange Fair neither directly caused Mr. Dreibelbis to be tackled and restrained by the individual Appellees nor directed the actions of the individual Appellees, Mr. Dreibelbis could not prevail on his 1983 claims under a theory of *respondeat superior*. Accordingly, the Court properly entered summary judgment in favor of Appellees with respect to Mr. Dreibelbis' Section 1983 claims and no reversible error occurred.

7

## V.     Mr. Dreibelbis' Free Speech Claims

In his fifth error complained of on appeal, Mr. Dreibelbis claims this Court erred as a matter of law and abused its discretion in its recitation of the elements and in its analysis relative to Mr. Dreibelbis' free speech claims.

Mr. Dreibelbis' First Amendment free speech claims are presented in his Complaint as sounding in a violation committed by persons acting under color of state law under Section 1983. In its March 2, 2020 Opinion and Order, this Court properly analyzed Mr. Dreibelbis' Section 1983 Claims, finding the individual Appellees to have behaved in an objectively reasonable manner. For the reasons described in the preceding section, Mr. Dreibelbis could not prevail on claims sounding in a violation of First Amendment rights under Section 1983. Accordingly, this Court properly entered summary judgment in favor of Appellees with respect to Mr. Dreibelbis' free speech claims and no reversible error occurred.

## VI.     The Credibility of the Individual Appellees

In his sixth error complained of on appeal, Mr. Dreibelbis claims this Court erred as a matter of law and abused its discretion by failing to properly weigh the credibility of the individual Appellees. In so claiming, Mr. Dreibelbis contends the individual Appellees have made "demonstrably false statements on the record."

In Pennsylvania, "summary judgment may not be had where the moving party relies exclusively upon oral testimony, either through testimonial affidavits or deposition testimony, to establish the absence of a genuine issue of material fact." *Garcia v. Savage*, 402 Pa. Super. 324, 330, 586 A.2d 1375, 1378 (1992). Our Supreme Court, quoting the Court in *Reel v. Elder*, has noted that "it is the province of the jury" to decide upon witness credibility. *Nanty-Glo v. American Surety Co.*, 309 Pa. 236, 238, 163 A. 523, 524 (1932); *Reel v. Elder*, 62 Pa. 308, 316

8

(1869). Here, though, the Court properly weighed the entire record, including the testimony of the individual Appellees and all of the evidence presented by the parties, when it found no genuine issue of material fact remaining and entered summary judgment in favor of Appellees. Further, this Court fails to find the individual Appellees to have made "demonstrably false statements on the record." Accordingly, no reversible error occurred.

## VII. The Credibility of the Individual Appellees Before this Court Rather than Before a Jury

In his seventh error complained of on appeal, Mr. Dreibelbis claims this Court erred as a matter of law and abused its discretion by failing to put the credibility of the individual Appellees before a jury. In so claiming, Mr. Dreibelbis again contends the individual Appellees have made "demonstrably false statements on the record."

As described above, this Court conducted a review of the entire record before it, including the testimony of the individual Appellees and all of the evidence presented by the parties, before entering summary judgment. This matter did not hinge solely on the credibility of the individual Appellees and was accordingly not decided solely on their credibility but on the totality of the record before the Court. Because this Court weighed the entire record before finding no genuine issue of material fact remained, this Court properly entered summary judgment in favor of Appellees and no reversible error occurred.

## VIII. The Absence of Genuine Issues of Material Fact in Dispute

In his eighth and final error complained of on appeal, Mr. Dreibelbis claims this Court erred as a matter of law and abused its discretion by granting summary judgment when there are genuine issues of material fact in dispute.

As described above, this Court properly weighed the entire record before it and likewise

9

properly found an absence of any genuine issue of material fact with respect to Mr. Dreibelbis' claims against Appellees, even after viewing the record in the light most favorable to Mr. Dreibelbis. Accordingly, this Court properly entered summary judgment in favor of Appellees and no reversible error occurred.

## Conclusion

The Court was correct in entering summary judgment in favor of Appellees, and respectfully maintains that no reversible error occurred.

For the foregoing reasons, this Court respectfully requests that its Opinion and Order of March 2, 2020 entering summary judgment in favor of Appellees and the Consent Judgment entered for the purpose of creating a final, appealable judgment on August 26, 2022 remain undisturbed.

BY THE COURT:

_Pamela G. Ruest_

Pamela A. Ruest, President Judge

Date: _November 10, 2022_

NOTICE OF ENTRY OF ORDER OR DECREE, PURSUANT TO PA. R.C.P. 236 NOTIFICATION. THIS DOCUMENT HAS BEEN FILED IN THIS CASE.

PROTHONOTARY, CENTRE COUNTY, PA.
DATE: Nov. 14, 2022

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wayne A. Dreibelbis, Jr.,              :
                    Appellant         :
                                      :
            v.                        :      No. 3 C.D. 2023
                                      :      Argued: September 11, 2023
Centre County Grange Encampment       :
and Fair, George Witherite, Jamie     :
Brown, Lisa Stoner, Douglas Straus,   :
Robert Rhodes, and John or Jane Doe   :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

DISSENTING OPINION
BY SENIOR JUDGE LEAVITT                      FILED:  October 24, 2024


        On the basis of the Court of Common Pleas of Centre County's (trial
court) opinion filed pursuant to Pennsylvania Rule of Appellate Procedure 1925(a),[1]
the majority affirms the court's entry of summary judgment in favor of defendants.
Because the trial court's opinion contains errors and ellipses, I do not believe this
Court can affirm the judgment on this basis.  Accordingly, I respectfully dissent.

        The trial court held that George Witherite, Jamie Brown, Lisa Stoner,
Douglas Straus, Robert Rhodes, and John or Jane Doe (Security Officers) did not
violate Wayne A. Dreibelbis, Jr.'s Fourth Amendment[2] rights when they detained
Dreibelbis and confiscated his drone.  The trial court, however, did not undertake the
first step necessary in any civil rights action, which is to analyze whether the

_____

[1] PA.R.A.P. 1925(a).

[2] U.S. CONST. amend. IV.  It states, in relevant part, as follows:  "The right of the people to be
secure in their persons, houses, papers, and effects, against unreasonable searches and seizures,
shall not be violated[.]"  *Id*.

defendant has acted under color of state law. *See* 42 U.S.C. §1983.[3] Instead, it accepted the parties' legal stipulation that Security Officers were state actors. However, in a Section 1983 action, a court cannot use a stipulation of the parties in lieu of doing its own analysis on this question of law. A recent federal Court of Appeals decision explains this point.

In *Neuens v. City of Columbus*, 303 F.3d 667 (6th Cir. 2022), a plaintiff instituted a Section 1983 action seeking damages for his assault by an off-duty municipal police officer, Officer Isaac Bridges. Bridges moved for summary judgment, arguing that he did not deprive Neuens of his civil rights and, alternatively, that he was entitled to qualified immunity on that claim. The district court denied Bridges' request for summary judgment, and the United States Court of Appeals for the Sixth Circuit reversed and remanded.

The Sixth Circuit held that the district court "erred in accepting the stipulation that Bridges was acting under color of state law at the time of Neuens' assault." *Neuens*, 303 F.3d at 670. It explained as follows:

> In order to establish a *prima facie* [Section] 1983 claim, a plaintiff must show that (1) a person acting under color of law (2) deprived him of his rights secured by the United States Constitution or its laws. *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994). The district court did not analyze whether Bridges was acting under color of law because "[a]t oral argument on the motion for summary judgment, Defendant Bridges conceded that he was acting under color of law at the

---

[3] Section 1983 provides, in relevant part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights . . . secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. §1983.

time of this incident." (J.A. at 125). Therefore, *the district court addressed only the issue of whether Bridges deprived Neuens of his constitutional rights*.

*Neuens*, 303 F.3d at 670 (emphasis added). Here, as in *Neuens*, the trial court addressed only the second prong: whether Security Officers deprived Dreibelbis of his Fourth Amendment rights.

As further explained in *Neuens*, the question of whether a defendant "was acting under color of law is a legal issue," and parties cannot "stipulate to the legal conclusions to be reached by the court." *Neuens*, 303 F.3d at 670. The Sixth Circuit stated that "[i]ssues of law are the province of courts, not of parties to a lawsuit, individuals whose legal conclusions may be tainted by self-interest." *Id*. It held that the district court erred "when it blindly accepted Bridges' stipulation without engaging in an independent review of whether he was acting under color of state law." *Id*. In this regard, *Neuens* did not announce a new principle of law. *See Sanford's Estate v. Commissioner of Internal Revenue*, 308 U.S. 39, 51 (1939) (courts "not bound to accept, as controlling, stipulations as to questions of law"); *Foley Brothers, Inc. v. Department of Highways*, 163 A.2d 80, 84 (Pa. 1960) (parties may bind courts to factual stipulations but not to questions of law).

Given the undisputed facts in *Neuens*, the Sixth Circuit concluded that "one may reasonably conclude that Bridges was not acting under color of law during the incident that gives rise to this present case." *Neuens*, 303 F.3d at 671. Nevertheless, the Sixth Circuit remanded the matter for the district court to do "its independent review" of the question of whether Bridges acted under color of state law and, if not, to dismiss the complaint. *Id*.

To act under color of state law, "the actor must have exercised 'power possessed by virtue of state law and made possible only because the wrongdoer is

MHL-3

clothed with the authority of state law.'" *Frazier v. City of Philadelphia*, 756 A.2d 80, 83 (Pa. Cmwlth. 2000) (quoting *Costa v. Frye*, 588 A.2d 97, 99 (Pa. Cmwlth. 1991)). The United States Supreme Court has explained:

> [A] private entity may qualify as a state actor when it exercises "powers traditionally exclusively reserved to the State." It is not enough that the federal, state, or local government exercised the function in the past, or still does. And it is not enough that the function serves the public good or the public interest in some way. Rather, to qualify as a traditional, exclusive public function within the meaning of our state-action precedents, *the government must have traditionally and exclusively performed the function*.

*Manhattan Community Access Corporation v. Halleck*, 587 U.S. 802, 809 (2019) (citations omitted) (emphasis in original).

Police employed by a private university were held to be state actors because they exercised "the plenary authority of a municipal police department . . . [in what was] once the 'exclusive prerogative' of the City of Philadelphia." *Fleck v. Trustees of University of Pennsylvania*, 995 F. Supp. 2d 390, 402 (E.D. Pa. 2014). Under the "public function test" set forth in *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 157-58 (1978), courts determine whether the defendant in a civil rights action has performed a function that historically was the "exclusive prerogative" of the state. *Fleck*, 995 F. Supp. 2d at 401. In *Fleck*, the university's police patrolled the city beyond the borders of the campus, an activity "once the 'exclusive prerogative' of the City of Philadelphia." *Id*. at 402. The university's officers were "highly-trained in a number of specialized areas including: emergency response, . . . traffic safety, motorcycle and bicycle patrol," and criminal investigation. *Id*. (citation omitted). The department maintained a 15-member detective unit. In contrast, in *Commonwealth v. Yim*, 195 A.3d 922 (Pa. Super. 2018), the defendant security

officers at another private university were held not to be state actors. They "oversaw security on campus, but they carried no weapon or handcuffs, and they had no arrest powers."[4] *Id*. at 929.

In their work for the Grange Fair, a private, non-profit corporation, Security Officers did not exercise "the plenary authority of a municipal police department." *Fleck*, 995 F. Supp. 2d at 402. Security Officers did not identify themselves as "policemen" but, rather, as "grange fair security," Reproduced Record at 332a (R.R. __), with responsibility to enforce the policies and rules of the Grange Fair but without "the power to make an arrest" for a violation of state law. Rhodes Dep. 45; R.R. 302a.[5] Rather, the Centre County Sheriff's Office and the Pennsylvania State Police "patrol[led]" the fairgrounds for the purpose of law enforcement. *Id*. Security Officers were not issued firearms, nightsticks, or handcuffs. As was the case in *Yim*, 195 A.3d at 930, Security Officers oversaw security, but their powers were "limited in scope relative to municipal police powers." Nevertheless, consistent with the Sixth Circuit's approach in *Neuens*, I would vacate this portion of the trial court's order and remand the matter to the trial court to do an "independent review" of the question of whether Security Officers acted under color of state law and, if not, to dismiss this count of the complaint.

As to the trial court's grant of judgment to defendants on Dreibelbis's common law tort claims, *i.e.*, assault, battery, false imprisonment, trespass to

---

[4] In *Yim*, the Superior Court distinguished *Fleck*, where the university's "police department enjoyed plenary police powers conferred upon it through Pennsylvania law," which permitted them to enforce state criminal laws. *Yim*, 195 A.3d at 930.

[5] The parties have cited an 1883 statute as the authority for investing Security Officers with police powers. However, that statute has been repealed as to non-profit corporations, such as the Grange Fair. *See* Section 1 of the Act of April 26, 1883, P.L. 14, §1, repealed in part by the Act of May 5, 1933, P.L. 289.

personal property, negligence, intentional infliction of emotional distress, civil conspiracy, and concerted tortious conduct, I would also vacate that part of the trial court's order. The trial court reasoned that its determination that Security Officers did not violate Dreibelbis's Fourth Amendment rights disposed of Dreibelbis's claims of intentional and negligent torts.[6] Its Pa.R.A.P. 1925(a) opinion expressly states that the judgment on the tort claims is based upon "its earlier finding that [Security Officers'] conduct was objectively reasonable" under the Fourth Amendment. Trial Court 1925(a) Op., 11/10/2022, at 4. This was error.

The objectively reasonable conduct standard is used to determine whether police officers (employed by a state or municipality) have violated a citizen's Fourth Amendment rights.[7] Reasonableness "of force must be judged from the perspective of a reasonable officer on the scene," considering the "circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 396 (1989). This standard has no relevance to Dreibelbis's First Amendment claim, and it has no application to his common law tort claims, both intentional and negligent. Tort liability arises from a citizen's social duty to other citizens. *Ash v. Continental Insurance Company*, 932 A.2d 877, 884 (Pa. 2007) ("Tort actions lie for breaches of duties imposed by law as a matter of social policy[.]"). The trial court cited no authority for its conclusion that its determination that Security Officers did not violate Dreibelbis's Fourth Amendment rights also disposed of Dreibelbis's tort claims.

---

[6] The trial court did not explain why this determination disposed of Dreibelbis's claim under the First Amendment to the United States Constitution, U.S. CONST. amend. I.

[7] Notably, in its analysis of the merits of Dreibelbis's civil rights claim, the trial court cited cases involving municipal police officers acting in their official capacity to enforce a state criminal law.

Further, in dismissing his common law tort claims, the trial court stated that "*this Court found* Mr. Dreibelbis to have been very confrontational with the [Security Officers], who were properly responding to a violation of Grange Fair rules on the fairgrounds," and that Security Officers "were largely peaceable, only using physical force when it became necessary during their confrontation with [] Dreibelbis." Trial Court 1925(a) Op. at 6 (emphasis added). These are not recitals of undisputed facts but, rather, the trial court's own findings and interpretation of the evidence, which includes a video recording of the incident. A video is relevant to whether a genuine dispute of material fact exists. *McDowell v. Sheerer*, 374 F. App'x 288, 291 (3d Cir. 2010). However, there was no agreement by the parties that Dreibelbis was "very confrontational" or that Security Officers were "largely peaceable" and only used force "when it became necessary." Trial Court 1925(a) Op. at 6. These are not the kind of facts that a video can establish as undisputed.[8] Whether the force used by Security Officers was necessary is a question for the jury.

Before it could address the merits of Dreibelbis's constitutional claims, the trial court was required to determine whether Security Officers were state actors invested with "plenary police powers" to enforce Pennsylvania's laws. *Yim*, 195 A.3d at 929. I would vacate the trial court's order and remand this matter to the trial court for that analysis. If the trial court concludes Security Officers were not state actors, it should dismiss Dreibelbis's Section 1983 claims. *See Neuens*, 303 F.3d at 671. In any event, the trial court, on remand, should address the tort claims on the

---

[8] To be sure, the trial court could view the video to determine whether one of the individual Security Officers identified himself as a police officer or whether Dreibelbis asked Security Officers to stop touching him. The video establishes what words were spoken. A court cannot use a video to make its own findings of fact in summary judgment. The trial court's Pa.R.A.P. 1925(a) opinion did not address Dreibelbis's claim that the court improperly engaged in fact finding but stated, in conclusory fashion, that the facts were not disputed.

basis of the time-honored standards established in Pennsylvania's jurisprudence. The reasonably objective standard evaluates the constitutionality of the force used by police officers in a search and seizure. It has no relevance to common law tort claims.

I would vacate the trial court's order in its entirety, on all counts, and remand for a decision on state action. If Dreibelbis proves Security Officers were acting under color of state law, then all counts in the complaint should go to a jury.


_____
MARY HANNAH LEAVITT, President Judge Emerita

MHL-8